NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0426-15T1

THERESA F. COHEN,1

 Plaintiff-Appellant,

 v.

LARRY J. COHEN,

 Defendant-Respondent.
_____________________________________________________

 Submitted May 9, 2017 – Decided May 18, 2017

 Before Judges Fisher and Ostrer.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Morris
 County, Docket No. FM-14-641-11.

 Theresa Fiocca, appellant pro se.

 Jeney, Jeney & O'Connor, attorneys for
 respondent (Robert J. Jeney, Jr., on the
 brief).

PER CURIAM

 The parties were married in 1978, had three children, and

were divorced in 2013. Incorporated into the divorce judgment was

1
 Now, Theresa Fiocca (hereafter, plaintiff).
a property settlement agreement (PSA), which required dissolution

of a life insurance trust. The PSA obligated plaintiff's counsel

to "take all steps necessary to dissolve the [t]rust, and the

parties [agreed to] cooperate in any way necessary" to accomplish

this desire. The PSA also contained the parties' "represent[ation]

and agree[ment]" that they had, during their marriage, "sought and

utilized the advice and services" of another attorney "regard[ing]

setting up the [t]rust" and that they "mutually agree[d] to seek"

that attorney's "input," if necessary, "in order to achieve the

[trust's] dissolution."

 For more than six months plaintiff and her attorney failed

to dissolve the trust. Consequently, defendant Larry J. Cohen

moved, pursuant to Rule 1:10-3, for the enforcement of his rights.

On June 26, 2014, the trial court entered an order that called for

the dissolution of the trust; the judge appointed an attorney to

accomplish this, and the order compelled the parties to sign a

retainer for that attorney's services.

 Both parties moved for reconsideration of different aspects

of the June 26 order. By way of a February 24, 2015 order, the

judge again compelled plaintiff to sign the retainer agreement and

obligated plaintiff to pay $100 for every day she failed to comply.

 Plaintiff again moved for reconsideration, resulting in the

entry of an order on August 11, 2015, that found plaintiff to be

 2 A-0426-15T1
in violation of litigant's rights and again compelled her execution

of the retainer agreement. The judge granted other relief,

including plaintiff's payment of the accrued sanctions,2 an award

of counsel fees in defendant's favor, and the continued imposition

of the $100 per day sanction.

 Plaintiff then filed this appeal,3 arguing:

 I. THE ORDERS OF THE COURT OF JUNE 26, 2014,
 FEBRUARY 24, 2015[,] AND AUGUST 11, 2015
 ORDERING THE PLAINTIFF TO REIMBURSE THE
 DEFENDANT $14,875.53 FOR LIFE INSURANCE
 PREMIUMS AND DENYING THE PLAINTIFF REIMBURSE-
 MENT FOR CAR PAYMENTS AND CAR RENTALS ARE
 BASED ON PLAIN AND HARMFUL ERROR AND MUST BE
 REVERSED.

 II. THE ORDERS OF FEBRUARY 24, 2015[,] AND
 AUGUST 11, 2015[,] IMPOSING SANCTIONS OF
 $100.00 PER DAY ON THE PLAINTIFF MUST BE
 REVERSED BECAUSE THE LOWER COURT ERRED BY
 BASING THE SANCTIONS ON A REWRITING OF THE PSA
 WITHOUT ANY CONSIDERATION AS TO THE INTENT OF
 PARTIES.

 III. PARAGRAPH 9 OF THE AUGUST 11, 2015 ORDER
 DIRECTING THE PLAINTIFF TO PAY THE DEFENDANT'S
 ATTORNEY'S FEES IN THE AMOUNT OF $17,365.32
 MUST BE REVERSED BECAUSE THE LOWER COURT ERRED
 IN FINDING THAT THE PLAINTIFF AGREED TO RETAIN
 THE DEFENDANT'S PERSONAL ATTORNEY IN THE PSA.

2
 That order set that amount at $12,500. A January 26, 2016 order
corrected that erroneous computation and imposed the proper amount
of $13,800.
3
 After filing the appeal, plaintiff unsuccessfully moved in this
court for a stay.

 3 A-0426-15T1
We find insufficient merit in these arguments to warrant further

discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only

the following brief comments.

 Although plaintiff has presented arguments about the trial

court orders of June 26, 2014, February 24, 2015, and August 11,

2015, it is only the last of these that she identified in her

notice of appeal. See R. 2:5-1(f)(3)(A) (requiring that a notice

of appeal in civil actions "designate the judgment . . . or part

thereof appealed from"); Ridge at Back Brook, LLC v. Klenert, 437

N.J. Super. 90, 97 n.3 (App. Div. 2014) (holding that, as a general

matter, only those judgments or orders designated in the notice

of appeal are subject to the appeal process). Notwithstanding, in

exercising our discretion over such procedural matters, see N.

Jersey Neuro. Assoc. v. Clarendon Nat'l Ins. Co., 401 N.J. Super.

186, 196 (App. Div. 2008), we have reviewed this matter as if the

unrepresented plaintiff identified all three orders in her notice

of appeal; as we have noted, we find her arguments lack merit.

 The June 26, 2014 order merely carried out the parties'

agreement to dissolve a trust and appointed an attorney for that

purpose. The judge did not err in enforcing the PSA, which had

been incorporated in the divorce judgment. Thereafter, plaintiff

failed to comply with that order without adequate explanation and

the judge quite properly enforced the order in ways designed to

 4 A-0426-15T1
ensure compliance; the implements of compulsion were not onerous

but were reasonably designed to achieve plaintiff's compliance.

We defer to the experienced family judge's exercise of discretion

in this regard. See In re Adoption of N.J.A.C. 5:96, 221 N.J. 1,

17-18 (2015) (recognizing that Rule 1:10-3 "allow[s] for judicial

discretion in fashioning relief to litigants when a party does not

comply with a judgment or order").

 Affirmed.

 5 A-0426-15T1